BEKKERING v SYSWERDA

Docket No. 45036. Submitted March 4, 1980, at Grand Rapids.—
    Decided April 24, 1980.
    Plaintiff, Raymond Bekkering, brought a negligence action
    against defendants, Robert and Patricia Syswerda, in the Kent
    Circuit Court. At trial, plaintiff requested and objected to the
    court's failure to give instructions on comparative negligence.
    The jury returned a verdict of no cause of action on February
    2, 1979. The court, George V. Boucher, J., entered judgment on
    the verdict on March 6, 1979. The Supreme Court's decision
    recognizing comparative negligence was released on February
    8, 1979 (*Placek v Sterling Heights,* 405 Mich 638; 275 NW2d
    511 [1979]). Plaintiff appeals. *Held:*
        Plaintiff comes within the ambit of those to whom *Placek*
    was intended to apply.
        Reversed and remanded.

NEGLIGENCE — COMPARATIVE NEGLIGENCE — APPEAL — NEW TRIAL.
    A plaintiff in a negligence action who requested but was denied
    an instruction on comparative negligence in a trial in which
    the jury returned a verdict of no cause of action prior to the
    Supreme Court's decision recognizing comparative negligence is
    entitled to a new trial where the judgment was not entered
    until after the Supreme Court's decision.

*Annis, Annis & Telman,* for plaintiff.

Before: ALLEN, P.J., and M. F. CAVANAGH and
C. W. SIMON, JR.,* JJ.

PER CURIAM. At the trial below, plaintiff re-
quested and objected to the court's failure to give
an instruction on comparative negligence. The

REFERENCE FOR POINTS IN HEADNOTE
[1] 58 Am Jur 2d, New Trail § 127.
    * Circuit judge, sitting on the Court of Appeals by assignment.

jury returned a verdict of no cause of action on February 2, 1979. *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), was decided on February 8, 1979. The judgment below was not entered until March 6, 1979. Thereafter, following denial of a motion for a new trial, this appeal was brought raising as the sole issue whether plaintiff should be granted a new trial on the issue of comparative negligence by virtue of the Supreme Court ruling in *Placek, supra.*

In *Placek, supra,* our Supreme Court gave limited retroactive effect to its decision in the following language:

"Therefore, we hold the rule announced today applicable to the instant case and all appropriate cases in which trial commences after the date of this opinion including those in which a retrial is to occur because of remand on any other issue. Further, we find comparative negligence applicable to any case presently pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal. Finally, comparative negligence shall be the applicable rule in any case commenced but not submitted to the trier of fact prior to the date of this decision, but in no case shall it apply unless there is an appropriate request by counsel prior to submission to the trier of fact." *Id.,* 667-668.

The trial court determined that plaintiff did not come within the foregoing limited retroactive application since, although application of the doctrine was requested at the trial court and the issue preserved for appeal, this case was not "pending on appeal" at the time of *Placek's, supra,* pronouncement.

It should be noted that this was not a case that was tried long before *Placek, supra,* where the appeal period had run out. Rather, due to the fact

that a judgment was not issued until after *Placek, supra,* plaintiff does not come within the literal language of that case. Certainly, however, in preserving the issue for appeal, plaintiff at least comes within the intent of *Placek* to allow retroactive appeals where, "litigants had exercised the same diligence exercised by the instant plaintiffs in raising the issue". *Id.,* 667.

We are persuaded as was the Alaska Supreme Court in *State v Guinn,* 555 P2d 530, 541-542 (Alas, 1976), that this plaintiff comes within the ambit of those to whom our Supreme Court intended *Placek* to apply. Under these circumstances, to deprive plaintiff of a new trial by virtue of an overly technical interpretation of the applicable language would work an injustice. We decline to do so.[1] The decision of the trial court is reversed and this cause remanded for a new trial.

[1] We further note that defendants-appellees have failed to file a brief in this appeal contrary to the language of GCR 1963, 815.2(1). Such omission in the appeals of criminal cases has been criticized and sometimes held to constitute an admission of the complained-of error. *People v Scott,* 72 Mich App 16, 17 fn 1; 248 NW2d 693 (1976).