# STATE OF MICHIGAN

# COURT OF APPEALS

MEDICAL ALTERNATIVES,

        Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
November 1, 2018

No. 340561
Washtenaw Circuit Court
LC No. 15-000751-NF

Before: BECKERING, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

In this action pursuant to the no-fault act, MCL 500.3101 *et seq.*, defendant Auto-Owners Insurance Company appeals as of right the judgment entered in favor of plaintiff Medical Alternatives after a jury trial. The trial court also denied defendant's motions for a directed verdict, judgment notwithstanding the verdict (JNOV), and summary disposition, and granted plaintiff's motion to amend the complaint after trial and to have the judgment reflect plaintiff's status as an assignee of the insured. We reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

This case arises out of defendant's responsibility to pay long-term benefits for injuries to its insured, Mary Ann Malloy, under the no-fault act. Mary Ann suffered severe injuries during an automobile accident that occurred in 1979, during which she was thrown through the windshield of her car and ended up in a coma for several months. Mary Ann continues to struggle with severe cognitive issues, including an extremely short-term memory, necessitating 16 hours per day of direct attendant care and 24 hours per day of available supervision, as recommended by her doctor. Mary Ann's mother, Kathern Malloy, generally attended to Mary Ann. However, as Kathern aged, she grew concerned about Mary Ann's future. In an attempt to secure Mary Ann's future, her family reached out to a firm, Siporin & Associates, which was appointed as Mary Ann's co-guardian. Steven Siporin, the owner of the firm, reached an agreement with Rochelle Greenberg, plaintiff's owner, for plaintiff to provide the direct attendant care, supervision, and various other services required for Mary Ann. Plaintiff retained Kathern to continue her direct care of Mary Ann in their home. Concurrently, plaintiff began preparing Mary Ann for a potential shift when Kathern grew too old to continue caring for her.

-1-

Siporin and Greenberg agreed that plaintiff would be paid $360 per day for those services beginning in February of 2015.

When defendant received the invoices for the services provided by plaintiff, defendant refused to pay the full amount billed. Knowing that Mary Ann required some level of care, but believing that plaintiff's charges were not reasonable, defendant began paying a reduced amount of $3,300 per month, or $110 per day. Plaintiff sued defendant for the unpaid charges on July 29, 2015. The case proceeded to trial largely regarding the factual issue of the reasonableness of plaintiff's charges. After the close of plaintiff's case-in-chief, defendant moved the trial court for a directed verdict, arguing that plaintiff had not provided evidence to support that it had incurred charges for the direct attendant care provided by Kathern. Specifically, Kathern had testified that she was being paid only $250 per month by plaintiff. Defendant argued that any additional money for direct attendant care had not been incurred. The trial court denied the motion, believing that Kathern's wages were not relevant to the issue of whether Mary Ann had incurred charges from plaintiff, which was the proper test.

During deliberations, the jury sent a question to the trial court asking if it could award a specific sum of money to be paid to Kathern. The parties stipulated that the trial court should tell the jury that they could not do so, but that they could include a recommendation. On May 18, 2017, the jury issued a verdict in favor of plaintiff for $156,798.94 plus interest of $21,734.39, and recommended that $101,250 be paid to Kathern. One week after the jury's verdict, the Michigan Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), overruling years of this Court's caselaw that medical providers could bring a statutory claim directly against a no-fault insurer. Defendant then filed an array of motions, including one for summary disposition and one for JNOV, arguing that the trial court should vacate the jury's verdict and dismiss plaintiff's case pursuant to *Covenant*. Plaintiff, in response, argued that defendant had waited too long to raise the issue, and alternatively, that the trial court should permit plaintiff to amend the complaint, referencing an assignment of rights signed by Siporin on May 12, 2017, and enter a judgment that reflected plaintiff's status as an assignee. After several more motions and briefs, and two hearings, the trial court ultimately denied all of defendant's motions, finding that defendant was barred from raising *Covenant* because it failed to do so during trial, and granted plaintiff's motions to amend the complaint and enter a judgment that reflected its status as an assignee. The trial court entered such a judgment, and this appeal followed.

## II. RETROACTIVITY OF *COVENANT*

Defendant argues that the trial court erred in refusing to retroactively apply *Covenant*. We agree.

## A. STANDARD OF REVIEW & GENERAL LAW

"[Q]uestions concerning the retroactivity of earlier judicial decisions are for this Court to decide de novo as matters of law." *Lincoln v Gen Motors Corp*, 461 Mich 483, 490; 607 NW2d 73 (2000).

Pursuant to MCL 500.3112, no-fault "insurance benefits are payable to or for the benefit of an injured person, or, in case of his death, to or for the benefit of his dependents." In *Covenant*, 500 Mich at 196, our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." "In so ruling, the *Covenant* Court declined to follow the long line of cases from the Court of Appeals recognizing that a healthcare provider may sue a no-fault insurer to recover PIP benefits under the no-fault act." *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 322 Mich App 707, 713; 916 NW2d 218 (2018) (quotation marks omitted). When applying *Covenant*, this Court has held that, "[q]uite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants." *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 305; ___ NW2d ___ (2018).

This Court also has considered arguments regarding the retroactive effect to be given the Court's holding in *Covenant*. To wit, in *W A Foote*, 321 Mich App at 191 (quotation marks omitted), this Court held that the rule announced in *Covenant* must be retroactively applied "to all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." In *Bronson Healthcare*, 323 Mich App at 305-306, this Court clarified that *Covenant* was to be applied to cases even where the issue of standing or legal capacity to sue was never raised before the trial court. The *Bronson Healthcare* panel reasoned that "we have previously rejected preservation arguments relating to *Covenant* and exercised our discretion to review *Covenant* arguments that were not raised before, addressed and decided by, the trial court." *Id.*, citing *W A Foote*, 321 Mich App at 173-174; *VHS Huron Valley*, 322 Mich App at 714-715.

> Specifically, we have recognized that a defense of "failure to state a claim on which relief can be granted" cannot be waived, we have emphasized our discretion to consider unpreserved questions of law, and we have acknowledged that, with regard to cases pending when *Covenant* was decided, a defendant should not be faulted for failing to challenge a healthcare provider's statutory right to bring a claim because pre-*Covenant* caselaw would have rendered any such argument futile. [*Bronson Healthcare*, 323 Mich App at 306.]

## B. ANALYSIS

Given this Court's binding precedent regarding the retroactive effect of *Covenant*, the trial court erred. While defendant listed plaintiff's capacity to sue as an affirmative defense in its list of affirmative defenses, the record is plain that defendant never argued before or during trial that plaintiff did not have a statutory cause of action against defendant. However, this Court in *Bronson Healthcare*, 323 Mich App at 305-306, was clear that a failure to raise any and all issues related to *Covenant* was not a bar and that we would, and the trial court should, still consider such a claim.

The trial court's reasoning in denying defendant's attempts to assert *Covenant* rely on the fact that plaintiff and defendant had tried the case before a jury. Such a distinction is not relevant. *W A Foote*, 321 Mich App at 191 (quotation marks omitted), clearly states that the *Covenant* decision was to be applied in "all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." The

panel's discussion of "all events" regardless of whether they occurred before or after the decision in *Covenant* establishing the rule, must necessarily include verdicts, and even judgments, that happened before *Covenant* was decided in cases still open on direct appeal. See *W A Foote*, 321 Mich App at 191 (quotation marks omitted). This Court has held that "there cannot be any broader classification than the word 'all,' and 'all' leaves room for no exceptions." *Peters v Gunnell, Inc*, 253 Mich App 211, 223; 655 NW2d 582 (2002). Such a rule is consistent with general principles of retroactivity.[1]

Plaintiff, as a medical provider, brought a direct claim against defendant under the no-fault act. Pursuant to *Covenant*, 500 Mich at 196, plaintiff had no legal authority to do so, absent the existence of an assignment of rights from the insured, the effect of which is discussed, *infra*.

### III. AMENDMENT OF COMPLAINT OR SUPPLEMENTAL PLEADING

Defendant argues that the trial court abused its discretion by allowing plaintiff to amend the complaint and have judgment entered on that complaint that reflects plaintiff's status as an assignee. We agree.

### A. STANDARD OF REVIEW & GENERAL LAW

"A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "A trial court . . . necessarily abuses its discretion when it makes an error of law." *Kostadinovski v Harrington*, 321 Mich App 736, 743; 909 NW2d 907 (2017) (quotation marks omitted).

Typically, "a party may amend a pleading only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2). "The court rules further provide that leave to amend should be freely given when justice so requires, and this Court has explained that leave to amend is generally a matter of right rather than of grace." *Bennett v Russell*, 322 Mich App 638, 647; 913 NW2d 364 (2018) (citations and quotation marks omitted). "A court must give a particularized reason for denying leave to amend a pleading, and acceptable reasons for denial include undue delay, bad faith or dilatory motive by the party seeking leave, repeated failures to

---

[1] See *Hodgins v Times Herald Co*, 169 Mich App 245, 255; 425 NW2d 522 (1988) (enforcing a change in law that occurred after a jury trial was held but before the judgment was entered at the trial court level); see also *Bekkering v Syswerda*, 97 Mich App 239, 240-241; 293 NW2d 781 (1980) (ordering a new trial where the Michigan Supreme Court had adopted a change in law after judgment was entered but while the case was still before this Court on direct appeal); cf. *King v McPherson Hosp*, 290 Mich App 299, 307; 810 NW2d 594 (2010) (refusing to vacate a judgment based on a change in law when the case "was closed . . . [and] [n]o appeal was pending before this Court or the Supreme Court, no motion was pending before the trial court, and the final judgment in favor of defendants had been entered.").

cure deficiencies after previously allowed amendments, undue prejudice to the nonmoving party, and futility." *Kostadinovski*, 321 Mich App at 743. This Court, in considering cases where summary disposition was warranted pursuant to *Covenant*, has held that the medical provider should be permitted an opportunity to remedy the complaint to reflect a possible assignment. See *Bronson Healthcare*, 323 Mich App at 306-307; see also *W A Foote*, 321 Mich App at 196 ("We conclude that the most prudent and appropriate course for us to take at this time is to remand this case to the trial court with direction that it allow plaintiff to move to amend its complaint so that the trial court may address the attendant issues in the first instance.").

## B. ANALYSIS

The trial court was permitted to allow plaintiff to attempt to remedy its pleadings into a legally recognizable claim under the no-fault act. However, the trial court went beyond considering plaintiff's motion to amend the complaint, and instead, entered judgment on plaintiff's newly presented assignment of rights. This was error.

Plaintiff properly argues that pursuant to MCR 2.118(C)(1), "[a] trial court has the discretion to allow a party to amend a pleading at any time to conform to the proofs." *Commonwealth Land Title Ins Co v Metro Title Corp*, 315 Mich App 312, 322; 890 NW2d 395 (2016), citing MCR 2.118(C)(1). But, MCR 2.118(C)(1) only allows for such an amendment where "issues not raised by the pleadings are tried by express or implied consent of the parties . . . ." The rule permits those amendments because the issues in question "are treated as if they had been raised by the pleadings." MCR 2.118(C)(1). This Court in *Sanders v McLaren-Macomb*, 323 Mich App 254, 266-267; 916 NW2d 305 (2018), recently summarized the proper method for interpreting court rules:

> This Court "interpret[s] court rules using the same principles that govern the interpretation of statutes." *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). "[W]e look to the plain language of the court rule in order to ascertain its meaning and the intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Decker v Trux R Us, Inc*, 307 Mich App 472, 479; 861 NW2d 59 (2014) (quotation marks and citation omitted). "If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written." *Id.* (quotation marks and citation omitted).

The plain and unambiguous language of the court rule requires that the issues in question must have been "tried by express or implied consent of the parties . . . ." MCR 2.118(C)(1). Here, the record is entirely void of any evidence that an assignment of rights was tried expressly or impliedly. The record reflects that plaintiff never produced such an assignment until after the trial ended, nor did it argue that it was the recipient of such an assignment at trial. Consequently, plaintiff's assertion that MCR 2.118(C)(1) is applicable to the present case contradicts the plain language of the court rule, and is thus without merit.

Defendant argues that the trial court should not have granted plaintiff's motion to amend the complaint to any extent and should have dismissed plaintiff's claim with prejudice as the amendment contradicted evidence plaintiff introduced at trial. Defendant also asserts that the

trial court erred in granting plaintiff's motion to amend the complaint and then entering judgment on those amended allegations because MCL 500.3145(1), the one-year-back rule, applies. Pursuant to that statute, a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(1). "The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012). Defendant insists that, under that rule, plaintiff is entitled only to obtain benefits for the year preceding the assignment. Plaintiff asserts that the amended pleading relates back to the filing of the original complaint. Thus, plaintiff argues, the trial court was warranted in entering judgment on that amended pleading, where the case would have been tried the same regardless of the assignment.

We are bound by the recent, published decision by this Court, *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 1. There we considered a case that "encompasse[d] various providers of medical and related healthcare services attempting to recover from a no-fault insurer for services rendered to the insured . . . ." The trial court granted the insurance company's motion for summary disposition pursuant to MCR 2.116(C)(8) and *Covenant*, but denied the plaintiffs' motion to amend the complaint to assert that it had been assigned rights by the insured. *Id*. at ___; slip op at 4. On appeal, this Court affirmed the trial court's decision to grant summary disposition in favor of the insurance company pursuant to *Covenant*, once again reiterating that the rule announced in *Covenant* was to be applied retroactively. *Jawad A Shah*, ___ Mich App at ___; slip op at 6-7.

After determining that the insurance contract's anti-assignment clause was void for violating public policy, the panel considered the effect of the one-year-back rule on the alleged assignment. *Id*. at ___; slip op at 9-10. The plaintiffs argued "that the trial court should have granted their motion for leave to amend the complaint to account for the assignments and that such an amendment should have related back to the date of the original complaint." *Id*. at ___; slip op at 10. The insurance company asserted that plaintiffs actually sought leave to file a supplemental pleading pursuant to MCR 2.118(E), rather than an amended pleading, and that the relation-back doctrine did not apply to supplemental pleadings. *Jawad A Shah*, ___ Mich App at ___; slip op at 10-11. This Court agreed with the defendant insurer and provided the foregoing pertinent and detailed reasoning:

In this case, after the *Covenant* decision was issued, [the] plaintiffs sought to amend their complaint to account for the assignments obtained from [the insured] and allow [the] plaintiffs to pursue an action against [the insurance company]. "An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Burkhardt* [*v Bailey*], 260 Mich App [636,] 653[; 680 NW2d 453 (2004)]. Thus, [the] plaintiffs could not obtain any greater rights from [the insured] on the date of the assignments—July 11, 2017—than [the insured] himself possessed on that date. Had [the insured] filed an action directly against defendant on July 11, 2017, he would not have been permitted to recover any benefits beyond the portion of the loss incurred one year before that date. MCL 500.3145(1). Accordingly, [the] plaintiffs also could not obtain any right to recover benefits for losses incurred more than one year

before July 11, 2017, through an assignment of rights from [the insured]. *Burkhardt*, 260 Mich App at 653. Furthermore, the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which [the] plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case. *Covenant*, 500 Mich at 195-196, 217 n 40. Therefore, [the plaintiffs'] motion for leave to amend actually sought leave to file a supplemental pleading. MCR 2.118(E). Courts "are not bound by a party's choice of labels because this would effectively elevate form over substance." *Adams v Adams*, 276 Mich App 704, 715; 742 NW2d 399 (2007).

Because plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading. MCR 2.118(D) and (E); *Grist*[ *v Upjohn Co*], 1 Mich App [72,] 84[; 134 NW2d 358 (1965)]. Through the assignment, [the] plaintiffs only obtained the rights [the insured] actually held at the time of the execution of the assignment, *Burkhardt*, 260 Mich App at 653, and [the] plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received.

\* \* \*

Therefore, through the assignments in this case, [the] plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before July 11, 2017, because that is the pertinent point of reference for purposes of the one-year-back rule. A supplemental pleading predicated on the July 11, 2017 assignments could not relate back to the date of the original pleading. [*Jawad A Shah*, ___ Mich App at ___; slip op at 11-12.]

Thus, the panel in *Jawad A Shah* held that the plaintiffs should have been permitted to file a supplemental pleading to assert that they had rights assigned from the insured, but their ability to collect on that assignment was limited by the one-year-back rule. *Id*. at ___; slip op at 14. The Court then remanded the case to the trial court, concluding "that it would be better for any additional matters relating to [the] plaintiffs' proposed supplemental complaint to be addressed in the first instance by the trial court under the proper legal framework." *Id*. at ___; slip op at 14-15.

There are parallels between the present case and *Jawad A Shah*. In each case, the medical providers presented evidence of an assignment of rights from the insured after filing an original complaint that did not assert such an assignment. Similarly, each assignment was signed after the date that the litigation commenced. *Id*. at ___; slip op at 11. In the instant case, plaintiff presented an assignment that was signed on May 12, 2017. The original complaint was filed on July 29, 2015. The complaint sought payment for services rendered by plaintiff to Mary Ann since February of 2015.

Pursuant to the dictates of *Jawad A Shah*, the trial court's entry of judgment on the verdict and permission of an amendment to the complaint was improper. Plaintiff was permitted to move the trial court for leave to file supplemental pleadings to reflect its status as an assignee.

Plaintiff was not, however, permitted to have those supplemental pleadings relate back to the original complaint. Instead, plaintiff was limited to seeking damages that were incurred on or after May 12, 2016, which was "one-year-back" from the date of the assignment of rights. *Id.* The May 12, 2017 assignment by Mary Ann, via Siporin, could only assign those rights that Mary Ann had at the time of the assignment. *Id.* Pursuant to MCL 500.3145(1), if Mary Ann had filed a direct action for no-fault benefits against defendant on May 12, 2017, she only would have been able to collect for services performed and debts incurred up to one year before that date. *Jawad A Shah*, ___ Mich App at ___; slip op at 11-12. Thus, those were the only rights that Mary Ann could possibly have assigned to plaintiff. *Burkhardt*, 260 Mich App at 653. Consequently, for all claims that were incurred before that date, plaintiff had no cause of action against defendant. *Jawad A Shah*, ___ Mich App at ___; slip op at 11-12. Therefore, the trial court's judgment entered on the entire jury verdict, which necessarily covered dates not subject to the assignment, was not permitted by law. *Id.* In *Jawad A Shah* the trial court denied the plaintiff's motion to amend the complaint, requiring a remand and consideration of the motion as one to supplement the pleadings. While in this case the trial court granted plaintiff's motion, we do not deem reconsideration of the motion anew necessary. Rather, we vacate the trial court's order accepting plaintiff's motion to amend the complaint, but remand for entry of an order accepting the motion as a supplemental pleading under MCR 2.118(D), and ruling that application of the one-year back rule is measured from the date of the assignment of rights, not the date the complaint was filed.

Because the jury's verdict was based on claims that legally are not payable under the no-fault act—those that accrued one year before the assignment—we now vacate the jury's verdict and the judgment thereon with respect to the calculation of damages. On remand, the remaining issue will be what portion of the damages the jury intended to be paid for the year preceding the assignment of rights. Unfortunately, the jury's verdict does not provide guidance regarding how the award was calculated. The record reveals that plaintiff billed $360 per day and defendant— acknowledging that Mary Ann was injured, insured by defendant, and entitled to *some* no-fault benefits for her treatment—paid $110 per day, arguing that such payment actually was reasonable. The jury, however, apparently found as reasonable some amount of money between the amount billed and the amount paid, because while it awarded plaintiff damages, it did not award plaintiff the entire amount of damages requested based on the $360 per day charge. Thus, the jury apparently came up with its own formula for calculating damages and what amount of payment was reasonable, but did not elucidate that calculation in its verdict. Considering that, it is not possible for us to craft a remedy based on the jury's award of damages since to do so would be mere conjecture on our part and amount to us rendering a factual finding. Therefore, it is not possible to merely pro-rate the award.

On remand, absent some agreement by the parties, a new bench or jury trial is required to determine the pro-rated portion of the award that is payable under the one-year-back rule of the no-fault act. We also reverse the court's decision to allow plaintiff to amend the complaint and have the judgment reflect plaintiff's status as an assignee for the entire amount already awarded by the jury. Because plaintiff provided services within one year of the assignment, and

presumably continues to provide such services, for which Mary Ann has incurred a debt, dismissal of plaintiff's entire claim is not warranted. *Id*.[2]

## IV. CONCLUSION

We reverse the trial court's refusal to retroactively apply *Covenant*, vacate the jury's verdict and the trial court's judgment thereon with respect to damages, vacate the trial court's order allowing plaintiff to amend the complaint, and remand to the trial court for further proceedings consistent with this opinion.[3]  We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Michael J. Riordan
/s/ Thomas C. Cameron

---

[2] Defendant's argument on appeal that the assignment document is inadmissible hearsay was not raised before, or addressed and decided by, the trial court.  Thus, that issue is not preserved for this Court's review and we refuse to consider it. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).  Further, based on long-standing Michigan law, defendant does not have standing to challenge the validity of the assignment in this action because defendant is not a party to the assignment.  See *Bowles v Oakman*, 246 Mich 674, 677-678; 225 NW 613 (1929); see also *Woods v Ayres*, 39 Mich 345, 346-347 (1878);  see also *DAGS II, LLC v Huntington Nat'l Bank*, 616 F Appx 830, 835-836 (CA 6, 2015) ("[T]he general proposition [is] that a third party may not challenge the validity of an assignment."); see also *Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 399 F Appx 97, 102-103 (CA 6, 2010) (quotation marks omitted) ("[T]here is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment.").

[3] Defendant also argues that the trial court should have granted its motion for a directed verdict based on the lack of proof that plaintiff incurred any charge for direct attendant care above the wage actually paid to Kathern.  Defendant is incorrect because while the wages paid to a direct attendant care worker are relevant to the issue of the reasonableness of the incurred charges, *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 675; 819 NW2d 28 (2011), it is not germane to the issue of whether the insured actually has incurred the charges from a medical provider, which requires that an insured have a legal responsibility to pay the charges and can be proven by testimony at trial, *Douglas v Allstate Ins Co*, 492 Mich 241, 270; 821 NW2d 472 (2012).  Siporin and Greenberg testified at trial that Mary Ann was obligated to pay for the fees being charged by plaintiff regardless of defendant's ultimate responsibility to pay as the insurer.  That testimony was sufficient to establish that Mary Ann had incurred the charges and to survive defendant's motion for a directed verdict. *Id*.