# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTHCARE GROUP, INC.,

Plaintiff-Appellee,

v

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

Defendants-Appellants,

and

JOHN DOE INSURANCE COMPANY,

Defendant.

FOR PUBLICATION
March 8, 2018
9:00 a.m.

No. 336088
Kalamazoo Circuit Court
LC No. 2016-000458-AV

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

HOEKSTRA, J.

Defendants Michigan Assigned Claims Plan (MACP) and Michigan Automobile Insurance Placement Facility (MAIPF) appeal by leave granted the circuit court order dismissing their claim of appeal for lack of subject-matter jurisdiction.[1] Because plaintiff is not statutorily entitled to maintain an action for personal injury protection (PIP) benefits, we vacate the decision of the circuit court, we reverse the district court's grant of summary disposition to plaintiff, and we remand to the district court for entry of summary disposition in favor of defendants.

Plaintiff provided medical treatment to an individual injured in an automobile accident in October 2014. According to plaintiff, the injured party was not covered by a no-fault insurance policy, and plaintiff sought to have defendants assign the claim to an insurer. Defendants refused to assign the claim. Thereafter, plaintiff filed a complaint in the district court against defendants and John Doe Insurance Company, claiming that defendants had an obligation to assign the claim to an insurer and that John Doe Insurance Company was liable for

---

[1] Because only MACP and MAIPF are parties to this appeal, our use of the term "defendants" refers to them alone, not defendant John Doe Insurance Company.

approximately $5,000 in no-fault benefits. With regard to defendants, the district court granted summary disposition to plaintiff under MCR 2.116(I), concluding that defendants were statutorily obligated to assign plaintiff's claim for benefits. Defendants appealed in the circuit court, but the circuit court dismissed the appeal for lack of jurisdiction based on the conclusion that the order granting summary disposition to plaintiff was not a final order over which the circuit court had jurisdiction under MCR 7.103(A)(1). Defendants filed an application for leave to appeal in this Court, which we granted on May 8, 2017.[2]

On appeal, defendants ask that we remand for entry of summary disposition in their favor under *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In contrast, plaintiff asserts that we should not grant defendants relief under *Covenant* because defendants did not raise their *Covenant* arguments in the lower courts. Alternatively, plaintiff argues that it should be given an opportunity to amend its pleadings to assert a claim for benefits based on an assignment of rights from the injured party to plaintiff.

Relevant to the parties' arguments, on May 25, 2017, the Michigan Supreme Court decided *Covenant*, wherein the Court held that healthcare providers do not have an independent statutory cause of action against insurers to recover PIP benefits. *Covenant*, 500 Mich at 195-196, 217-218. Since *Covenant* was decided, this Court has determined that the rule announced in *Covenant* applies equally to direct actions by healthcare providers against a state assigned claims plan. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 172-173: __ NW2d __ (2017). We have also held that *Covenant* applies retroactively to cases pending on direct appeal when *Covenant* was decided. *Id.* at 196. See also *VHS Huron Valley Sinai Hosp v Sentinel Ins Co (On Remand)*, __ Mich App __, __; __ NW2d __ (2018) (Docket No. 328005); slip op at 2.

In this case, *Covenant* is clearly dispositive with regard to plaintiff's claims against defendants. Quite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants. *Covenant*, 500 Mich at 195; *W A Foote Mem Hosp*, 321 Mich App at 172-173. Under *Covenant*, defendants are entitled to summary disposition because plaintiff has no cause of action against defendants, and thus, plaintiff has failed to state a claim on which relief may be granted. See MCR 2.116(C)(8).

On appeal, plaintiff does not offer a substantive challenge to defendants' entitlement to summary disposition under *Covenant*. Instead, plaintiff maintains that the *Covenant* question is not properly before us because it was not raised and decided in the lower courts. In analogous circumstances, we have previously rejected preservation arguments relating to *Covenant* and exercised our discretion to review *Covenant* arguments that were not raised before, addressed and decided by, the trial court. *W A Foote Mem Hosp*, 321 Mich App at 173-174. See also *VHS Huron Valley Sinai Hosp*, slip op at 5. Specifically, we have recognized that a defense of "failure to state a claim on which relief can be granted" cannot be waived, we have emphasized our discretion to consider unpreserved questions of law, and we have acknowledged that, with

---

[2] *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, unpublished order of the Court of Appeals, entered May 8, 2017 (Docket No. 336088).

regard to cases pending when *Covenant* was decided, a defendant should not be faulted for failing to challenge a healthcare provider's statutory right to bring a claim because pre-*Covenant* caselaw would have rendered any such argument futile. *W A Foote Mem Hosp*, 321 Mich App at 173-174. Likewise, in this case, we find it appropriate to consider the questions of law posed by defendants' *Covenant* arguments, and we reject plaintiff's assertions that these arguments are not properly before us.[3]

Alternatively, plaintiff argues that, if *Covenant* does apply to this case, plaintiff should be given the opportunity to amend its complaint to pursue benefits on an assigned claim theory because plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff. In this regard, we note that an agreement to assign a "right to benefits payable in the future is void." MCL 500.3143. However, an injured person may assign "his or her right to past or presently due benefits to a healthcare provider." *Covenant Med Ctr, Inc*, 500 Mich at 217 n 40. In *Covenant*, the Court expressly recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Id.* Given this fact, we agree that, in the circumstances presented in this case, plaintiff should be given an opportunity to move the district court to amend its complaint. See *W A Foote Mem Hosp*, 321 Mich App at 196.

In sum, applying *Covenant*, we conclude as a matter of law that defendants are entitled to summary disposition. Consequently, we vacate the decision of the circuit court, we reverse the district court's grant of summary disposition to plaintiff, and we remand to the district court for entry of summary disposition in favor of defendants. On remand, plaintiff shall be given the opportunity to file a motion to amend its complaint.

---

[3] We note that defendants' application for leave to appeal and their supporting brief concerned the circuit court's jurisdictional decision and its conclusion that the district court order granting summary disposition to plaintiff was not a final order. Defendants' application for leave to appeal to this Court did not raise defendants' arguments relating to *Covenant*. Indeed, *Covenant* was decided after we granted defendants' application for leave to appeal. Typically, an appeal "is limited to the issues raised in the application and supporting brief." MCR 7.205(E)(4). However, this Court has the discretionary power to "permit amendment or additions to the grounds for appeal," MCR 7.216(A)(3), and to "enter any judgment or order or grant further or different relief as the case may require," MCR 7.216(A)(7). In this case, we find it appropriate to exercise this discretion to consider defendants' dispositive *Covenant* arguments. Given our conclusion that defendants are entitled to relief under *Covenant*, we find it unnecessary to address the circuit court's jurisdictional decision because, even if the district court order in question was a final order, remand to the circuit court for further proceedings when defendants are so clearly entitled to summary disposition would be a waste of judicial resources.

Vacated in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Brock A. Swartzle