*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORTHLAND RADIOLOGY, INC,

Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE,

Defendant-Appellant.

UNPUBLISHED
February 12, 2019

No. 339952
Oakland Circuit Court
LC No. 2016-155258-AV

Before: JANSEN, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

In this no-fault action, MCL 500.3101 *et seq.*, defendant Farmers Insurance Exchange appeals as of right the Oakland Circuit Court's opinion and order affirming the judgment of jury verdict in favor of plaintiff, Northland Radiology, Inc., entered by the 46th District Court. The district court also denied defendant's motion for a judgment notwithstanding the verdict (JNOV) and ordered defendant pay plaintiff's attorney fees in the amount of $48,945 pursuant to MCL 500.3148. We reverse the circuit court's opinion and order refusing to retroactively apply *Covenant*, vacate the jury's verdict and the district court's judgment with respect to damages, vacate the order awarding attorney's fees to plaintiff, and remand to the circuit court for further proceedings consistent with this opinion.

## I. RELEVANT FACTUAL BACKGROUND

This case arises out of defendant's refusal to make no-fault insurance payments for medical services provided by plaintiff to Donald Jones. On December 10, 2014, Jones was struck by an automobile in a hit-and-run. As an uninsured pedestrian, Jones sought no-fault PIP benefits through the Michigan Assigned Claims Plan, which assigned his claims to defendant. Relevant to this case, Jones sought payment for MRIs of his lumbar spine and thoracic spine performed by plaintiff. However, defendant refused to pay, and deemed the services provided by plaintiff to be duplicate and unnecessary, as MRIs of Jones had been taken by another provider shortly after the accident. Further, defendant believed that the information it had received about the accident was inconsistent with information provided by Jones.

Plaintiff filed suit against defendant on July 17, 2015, in the 46th District Court, seeking to recover reasonable charges for reasonably necessary medical services under MCL 500.3107(1)(a). Plaintiff further alleged that defendant had unreasonably withheld or delayed payment in breach of its statutory obligations, and sought penalty interest and attorney fees pursuant to MCL 500.3142 and MCL 500.3148, respectively.[1] The case proceeded to a jury trial, where the jury found in favor of plaintiff. On July 27, 2016, the district court signed a judgment in the amount of $6,080, exclusive of costs, interest, and fees. Defendant moved for JNOV, argued, and that motion was denied in an order dated September 7, 2016. On that same day, the district court also signed a second order, awarding plaintiff attorney fees under MCL 500.3148 in the amount of $48,945.

In anticipation of our Supreme Court's decision in *Covenant Medical Center, Inc. v State Farm Mutual Automobile Insurance Company*, 500 Mich 191; 895 NW2d 490 (2017), defendant appealed to the Oakland Circuit Court, arguing that plaintiff had no statutory action against no-fault insurers, that the release signed by Jones barred plaintiff's claim, and that there was no basis to award attorney fees because defendant's refusal to pay for Jones' MRI was reasonable. The trial court heard arguments on May 17, 2017, and took the matter under advisement. On that same day, our Supreme Court released its opinion in *Covenant*, concluding that medical providers do not possess a statutory cause of action against no-fault insurers. Regardless, on June 23, 2017, the Oakland Circuit Court issued an opinion and order affirming the district court's judgment in favor of plaintiff, stating:

> This court finds that the district court did not err and properly determined the issues under the prevailing law at the time based on the Court of Appeals ruling in [*Covenant Medical Center, Inc. v State Farm Mutual Automobile Insurance Company*, 313 Mich App 50; 880 NW2d 294 (2015)]. The JNOV was properly decided on procedural grounds. There was no abuse of discretion by the trial court in finding unreasonable and refusal to pay or unreasonable delay in making payments under MCL 500.3148(1).

> This court finds that defendant/appellant failed to secure the benefit of the Supreme Court's *Covenant* ruling because it failed to properly preserve the issue prior to trial. Additionally, this court finds that under the facts and circumstances presented in this case, the Supreme Court's *Covenant* decision should not be applied retroactively. This court finds that a retroactive application in this case would not frustrate the purpose of the new rule, but would undermine the administration of justice.

---

[1] In a separate action not presently before this Court, Jones and several other medical providers brought suit against defendant in the Wayne Circuit Court. Jones ultimately signed a release of no-fault claim which resolved all disputes concerning benefits for $10,000. Defendant's liability was later discharged based on settlement in an order dated April 25, 2016. All of Jones' medical providers, with the exception of plaintiff, were bound by that settlement and barred from asserting any further claims against defendant.

Defendant moved for reconsideration, and that motion was denied.

Defendant filed its application for leave to appeal in this Court on August 31, 2017. This Court granted defendant's application for leave to appeal in an order dated February 15, 2018, but limited the appeal to the issues raised in the application and supporting brief. See *Northland Radiology, Inc. v Farmers Insurance Exchange*, unpublished order of the Court of Appeals, entered February 15, 2018 (Docket No. 339952).[2]

## II. RETROACTIVITY OF *COVENANT*

Defendant first argues on appeal to this Court that the district court judgment in favor of plaintiff cannot be sustained under law, and the circuit court erred by finding otherwise. We agree.

"[Q]uestions concerning the retroactivity of earlier judicial decisions are for this Court to decide de novo as matters of law." *Lincoln v Gen Motors Corp.*, 461 Mich 483, 490; 607 NW2d 73 (2000).

Pursuant to MCL 500.3112, no-fault "insurance benefits are payable to or for the benefit of an injured person, or, in case of his death, to or for the benefit of his dependents." In *Covenant*, our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." *Covenant*, 500 Mich at 196. Accordingly, this Court has consistently held that "as a healthcare provider, plaintiff has no independent statutory claim against defendant[ ]." *Bronson Healthcare Group, Inc. v Mich Assigned Claims Plan*, 323 Mich App 302, 305; 917 NW2d 682 (2018).

Further, in *W. A. Foote Memorial Hospital v Michigan Assigned Claims Plan*, 321 Mich App 159, 179; 909 NW2d 38 (2017), this Court held that the rule announced by our Supreme Court in *Covenant* is to be applied retroactively to "all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." This Court clarified in *Bronson* that *Covenant* was to be applied even in cases where the issue of standing or legal capacity was never raised before the trial court, reasoning that "we have previously rejected preservation arguments relating to *Covenant* and exercised our discretion to review *Covenant* arguments that were not raised before, addressed and decided by, the trial court." *Bronson Healthcare Group, Inc.*, 323 Mich App at 305-306, citing *W A Foote*, 321 Mich App at 173-174. This Court went on to explain that,

> [s]pecifically, we have recognized that a defense of "failure to state a claim on which relief can be granted" cannot be waived, we have emphasized our discretion to consider unpreserved questions of law, and we have acknowledged that, with regard to cases pending when *Covenant* was decided, a defendant

---

[2] Because this Court limited the appeal to "issues raised in the application and supporting brief," any issues raised by defendant in its brief on appeal that were not raised in its application for leave to appeal are not considered or addressed herein.

should not be faulted for failing to challenge a healthcare provider's statutory right to bring a claim because pre-*Covenant* caselaw would have rendered any such argument futile. [*Bronson Healthcare Group, Inc.*, 323 Mich App at 306.]

Turning now to this case, plaintiff is a healthcare provider who brought a statutory cause of action against defendant, a no-fault insurer, based on defendant's failure to pay or unreasonable delay in paying for provided services under the no-fault act. In its complaint, plaintiff alleged that it was owed PIP benefits from defendant under the no-fault act. Plaintiff did not bring its claims on behalf of Jones, nor has there been any evidence that Jones executed a valid assignment of rights to payment for services under the no-fault act. Accordingly, plaintiff has no legal claim to recover PIP benefits from defendant. Defendant was entitled to JNOV, and the circuit court erroneously affirmed the judgment in favor of plaintiff entered by the district court. We therefore reverse, vacate the jury's verdict, and vacate the district court's judgment with respect to damages.

### III. ATTORNEY FEES

Defendant also argues that the circuit court erroneously affirmed the district court's award of attorney fees to plaintiff. We agree.

This Court reviews a trial court's decision to grant attorney fees and costs for an abuse of discretion, which occurs "when the trial court's decision is outside the range of reasonable and principled outcomes." *Ronnisch Constr Group, Inc. v Lofts on the Nine, LLC*, 499 Mich 544, 551-552; 886 NW2d 113 (2016).

Under the no-fault act, and pursuant to MCR 500.3148(1):

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

Fees are generally awarded under the no-fault statute to those parties who have prevailed on the merits of their underlying claims. *Speicher v Columbia Twp*, 497 Mich 125, 132-133; 860 NW2d 51 (2014).

Put simply, because plaintiff should not have prevailed on its claim, as discussed *supra*, it was not entitled to attorney fees under the no-fault statute. Accordingly, we vacate the award of attorney fees to plaintiff.

### IV. CONCLUSION

We reverse the circuit court's opinion and order refusing to retroactively apply *Covenant*, vacate the jury's verdict and the district court's judgment with respect to damages, vacate the order awarding attorney's fees to plaintiff, and remand to the circuit court for further proceedings

consistent with this opinion.  We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien