*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWIN BATES, JR.,

               Plaintiff,

and

KEYS OF LIFE SPECIALIZED CARE, INC.,

               Intervening Plaintiff-Appellee,

and

MICHIGAN SPINE AND PAIN CLINIC, PLLC,

               Intervening Plaintiff

v

AUTO CLUB GROUP INSURANCE
COMPANY,

               Defendant-Appellant.

UNPUBLISHED
March 26, 2019

No. 340705
Wayne Circuit Court
LC No. 15-003183-NF

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

JANSEN, J. (*dissenting*).

       I respectfully dissent.

       I agree with the majority that the trial court's judgment in favor of intervening plaintiff, Keys of Life Specialized Care, Inc., (KOL), should be vacated. KOL admittedly waited until our Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), to file its motion for entry of a judgment based on the jury verdict in this case. In *Covenant*, our Supreme Court explicitly held that healthcare providers do not have an independent statutory cause of action against insurers to recover PIP benefits. *Id*. at 195-196. Therefore, KOL never had a cause of action against defendant, absent a valid assignment, *id.* at 217 n 40, and defendant was entitled to summary disposition under MCR 2.116(C)(8). Further,

-1-

the trial court erroneously conferred standing on KOL solely because KOL produced purported assignments for the first time on the date of the hearing on its motion to entry of a judgment.

However, I disagree with the majority's decision to remand this matter back to the trial court to allow KOL to amend its complaint. KOL claimed, for the first time at the hearing on its motion for entry of a judgment, that it had obtained valid assignments from plaintiff, Edwin Bates, Jr., on August 1, 2014, October 3, 2014, December 3, 2014, January 5, 2015, March 3, 2015, July 30, 2015, and September 30, 2015. Under *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 305; 917 NW2d 682 (2018), if KOL obtained valid assignments prior to March 13, 2015, the date Bates filed his original complaint, KOL could move to amend its intervening complaint. Should those purported assignments be valid, they could confer standing on KOL to pursue defendant for recovery of PIP benefits.

However, if Bates executed any of the purported assignments obtained by KOL *after* March 13, 2015, the date Bates filed his original complaint, KOL is not entitled to amend its intervening complaint. If procuring assignments from Bates after the filing of the original complaint in this matter is the only "means by which [KOL] could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits[,]" KOL would have to move the trial court to file supplemental pleadings, which are subject to the relation back doctrine, MCR 2.118(D), (E), and the one-year-back rule found in MCL 3145(1). *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 202-205; 920 NW2d 148 (2018). Accordingly, depending on the date of execution of the purported assignments, amending its intervening complaint may not be the proper method for keeping KOL's cause of action alive.[1]

Moreover, KOL never moved the trial court, either orally or in writing, to amend its complaint or file supplemental pleadings based on a valid assignment of rights. Instead, it produced the purported assignments to the trial court, and to defendant, for the first time on the date of the hearing for its motion to enter judgment. Where KOL has failed to move the trial court to amend its complaint, or to file supplemental pleadings, I am unwilling to step into the shoes of the litigants and pursue the proper procedural remedy for them on appeal.

/s/ Kathleen Jansen

---

[1] I also note that given some of the language of the purported assignments, I question their validity. However, I do not find it necessary to address that issue here.