*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN ANESTHESIA ASSOCIATES, LLC,

UNPUBLISHED
July 25, 2019

Plaintiff-Appellant,

v

No. 342767
Oakland Circuit Court
LC No. 2017-160725-NF

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Plaintiff, American Anesthesia Associates, LLC (AAA), a medical provider sued defendant, State Farm Mutual Automobile Insurance Company (State Farm), to recover personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. AAA appeals the trial court's order granting summary disposition in favor of State Farm. Because precedent requires us to conclude that the insurance policy's antiassignment clause is unenforceable, we reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2016, Constance Beden allegedly suffered bodily injury when she was involved an automobile accident. At the time of the accident, State Farm provided Beden with no-fault insurance and was therefore responsible for payment of Beden's PIP benefits for her accident-related injuries. The insurance policy contained a clause prohibiting Beden from assigning benefits or rights unless approved by State Farm, specifically providing, "No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*."

Following the accident, AAA provided medical services for Beden's injuries. Several claims for PIP benefits related to AAA's services were submitted to State Farm for payment, but

-1-

State Farm denied the claims and refused to pay on the basis that Beden's injuries did not arise out of the automobile accident, MCL 500.3105, and/or the service provided was not reasonable and necessary for her care, recovery, or rehabilitation, MCL 500.3107.[1]

Thereafter, Beden signed an "Assignment of No-Fault Claim," assigning her right to past due or presently due no-fault benefits to AAA.[2] Here, AAA does not dispute that State Farm did not approve the assignment.

On September 6, 2017, pursuant to Beden's assignment, AAA sued State Farm to recover no-fault PIP benefits for the medical services rendered to Beden. In lieu of filing an answer, State Farm moved for summary disposition under MCR 2.116(C)(8), arguing that the assignment was invalid under the policy's antiassignment provision because State Farm did not approve it. According to State Farm, dismissal of AAA's complaint was required because AAA cannot maintain a claim to recover PIP benefits under an assignment-of-rights theory, nor can AAA maintain an independent statutory cause of action for PIP benefits under *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195-196, 217-218; 895 NW2d 490 (2017), which explicitly held that a healthcare provider does not have an independent statutory cause of action under the no-fault act against the responsible insurer for payment of PIP benefits.[3]

The trial court agreed and applied the Supreme Court's holding in *Covenant*, to grant summary disposition in favor of State Farm, finding:

> The Court finds that the assignment relied upon by [AAA] is invalid under the terms of the applicable insurance policy, which provides that "No assignment of benefits or other transfer of rights is binding upon us unless approved by us". There is no evidence to show that Defendant consented to the assignments. The

---

[1] Under MCL 500.3105(1), "[A]n insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." Under MCL 500.3107(1)(a), PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

[2] Specifically, the assignment provided, in part:

> I assign to American Anesthesia Associates, LLC all no fault benefits presently due or past due incurred as a result of my automobile accident(s) and relating to the reimbursement of medical billings by American Anesthesia Associates, LLC. I assign my right to recover for no-fault interest and attorney's fees as it relates to the reimbursement of these medical billings. I am not assigning any future benefits.

[3] Our Supreme Court in *Covenant*, 500 Mich at 24 n 40, recognized an "insured's ability to assign his or her right to past or presently due benefits to a healthcare provider."

provision must be enforced as written because it does not violate a statute in direct contravention of the Michigan Supreme Court's decision in *Covenant Medical Center v State Farm. . . .* Because a health care provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits, dismissal is appropriate.

While AAA's appeal to this Court was pending, a panel of this Court issued an opinion in *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), lv pending 503 Mich 882; 918 NW2d 528 (2018), concluding that an antiassignment clause, which is identical to the one at issue in the instant case, is "unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court[]" in *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880). AAA asserts that this Court is bound to follow *Shah*, MCR 7.215(J)(1), and, consequently, the antiassignment provision is unenforceable because it prevents Beden from assigning her right to past or presently due PIP benefits and is therefore contrary to public policy. According to AAA, its cause of action is viable under an assignment-of-rights theory, which *Covenant* does not preclude, and thus we must reverse the trial court's opinion and order invalidating the assignment and granting summary disposition in favor of State Farm. In response, State Farm admits that *Shah* controls, and the antiassignment clause is unenforceable as contrary to public policy. Unable to distinguish *Shah*, State Farm argues that *Shah* was wrongly decided.

## II. STANDARD OF REVIEW

" 'This Court reviews de novo the trial court's decision to grant or deny summary disposition.' " *Shah*, 324 Mich App at 205-206, quoting *Rory v Cont'l Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendant moved for summary disposition, and the trial court decided the motion, citing to MCR 2.116(C)(8). However, because the court necessarily relied on material outside of the pleadings, mainly the language of the insurance policy, we treat the motion as brought under MCR 2.116(C)(10).[4] *Id.* at 207. " 'A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint.' " *Id.* at 207, quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When reviewing a trial court's decision under MCR

---

[4] While AAA attached Beden's assignment as well as State Farm's denial of the claims for PIP benefits related to AAA's treatment of Beden as exhibits to the complaint, the insurance policy was not attached to the complaint. Instead, the policy containing the antiassignment clause, upon which the trial court relied in reaching its decision, was included as an appendix to State Farm's motion for summary disposition. "While a written instrument that forms the basis for a claim or defense and that is attached to or referred to in a pleading may be treated as 'part of the pleading for all purposes,' MCR 2.114(F)," the insurance policy was not attached to or referred to in a "pleading" as defined in MCR 2.110(A) ("defining the term 'pleading' to include only a complaint, cross-claim, counterclaim, third-party complaint, an answer to any of the aforementioned pleadings, or a reply to an answer"). *Shah*, 324 Mich App at 206-207.

2.116(C)(10), we consider all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). Summary disposition under MCR 2.116(C)(10) "is properly granted if 'there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law.' " *Id.*, quoting *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 278; 769 NW2d 234 (2009).

Further, we review de novo issues involving the interpretation of contracts and the interpretation and application of statutes. *Shah*, 324 Mich App at 196; *Bronson Methodist Hosp v Home-Owners Ins Co*, 295 Mich App 431, 441; 814 NW2d 670 (2012). "Insurance policies are contracts and are thus 'subject to the same contract construction principles that apply to any other species of contract.' " *Shah*, 324 Mich App at 197, quoting *Rory*, 473 Mich at 461. Our Supreme Court has "made clear that unambiguous contractual provisions are 'to be enforced as written *unless the provision would violate law or public policy*.' " *Shah*, 324 Mich App at 200, quoting *Rory*, 473 Mich at 470 (emphasis added in *Shah*).

## III. ANALYSIS

AAA argues that the trial court erred in concluding that the antiassignment clause in State Farm's policy prohibited Beden from assigning her right to past or presently due PIP benefits. Because of this Court's decision in *Shah*, 324 Mich App at 196-201, we agree and reverse.

In *Covenant*, our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." *Covenant*, 500 Mich at 196, 217-218. The Court, however, expressly recognized that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at 217 n 40, citing MCL 500.3143 and *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998) (MCL 500.3143 "serves only to ban the assignment of benefits payable in the future and not those that are past due or presently due."); see also *Bronson Healthcare Group v Mich Assigned Claims Plan*, 323 Mich App 302, 307; 917 NW2d 682 (2018) ("[A]n injured person may assign his or her right to past or presently due benefits to a healthcare provider." (Quotation marks and citation omitted.) Accordingly, post-*Covenant*, this Court has permitted healthcare providers, which no longer possess an independent statutory cause of action against an insurer to recover PIP benefits, to pursue recovery under an assignment-of-rights theory. See *Bronson Healthcare*, 323 Mich App at 306-307 (allowing the plaintiff "the opportunity to amend its complaint to pursue benefits on an assigned-claim theory [where] plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff."); see also *W A Foote Memorial Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017).

Thereafter, this Court in *Shah*, 324 Mich App at 196-201, considered whether an antiassignment clause contained in a no-fault insurance policy prohibited the insured from assigning his right to payment of past due or presently due PIP benefits. The antiassignment clause at issue in *Shah*, 324 Mich App at 198, is identical to the clause at issue here, stating, "No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*." This Court in *Shah* found this language to be clear and unambiguous. *Id.* However, this Court, applying the precedent in *Roger Williams*, 43 Mich at 254, held that the antiassignment clause "is unenforceable to prohibit the assignment that occurred here—an assignment after the loss

-4-

occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Shah*, 324 Mich App at 200. This Court explained:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. In this case, [the insured] had an accrued claim against his insurer for payment of healthcare services that had already been provided by plaintiffs before [the insured] executed the assignment. Under *Roger Williams*, the contractual prohibition against [the insured] assigning that claim to plaintiffs was unenforceable because it was against public policy. [*Id.*]

Thus, *Shah* reasoned that, under the precedent of *Roger Williams*, 43 Mich at 254, post-loss assignments of accrued claims for payment cannot be restricted under the public policy of this state. Therefore, a no-fault policy's antiassignment clause is unenforceable to the extent it restricts an insured from assigning his or her past or presently due PIP benefits. *Shah*, 324 Mich App at 199-201; see also *Henry Ford Health System v Everest Nat'l Ins Co*, 326 Mich App 398, 410-411; 927 NW2d 717 (2018) (following the precedent of *Shah* and concluding that "the antiassignment clause in defendant's insurance policy is unenforceable because it is against public policy to the extent that it attempts to restrict the insured's ability to assign an accrued claim").[5]

This case presents circumstances similar to those in *Shah*, 324 Mich App at 196-201, which construed the same antiassignment clause and resolved an identical issue. Beden, who was insured by State Farm, was allegedly injured in an automobile accident. AAA then provided medical treatment that allegedly fell within the scope of allowable expenses under the no-fault act. Beden assigned AAA her right to past or presently due PIP benefits. Thus, Beden assigned the right to her accrued claim for payment of PIP benefits after the loss occurred. Following the precedent of *Shah*, 324 Mich App at 196-201, the policy's antiassignment provision is not enforceable to prevent Beden from assigning her right to past due or presently due PIP benefits because prohibiting the "assignment after the loss occurred of an accrued claim to payment" is contrary to our state's public policy as stated in *Roger Williams*. *Shah*, 324 Mich App at 200. Therefore, we are required to conclude that Beden's assignment is valid under *Shah* and enforceable despite the policy's antiassignment clause prohibiting the "assignment of benefits or other transfer of rights" without State Farm's approval. Assignments of accrued claims for payment of PIP benefits made after a loss are valid and enforceable and cannot be restricted. *Shah*, 324 Mich App at 199-200.

---

[5] Everest Nat'l Health's application for leave to appeal the Michigan Supreme Court is being held in abeyance pending the Court's decision in *Shah*. *Henry Ford Health System v Everest Nat'l Ins Co*, order of the Michigan Supreme Court, entered April 30, 2019 (SC Docket No. 158904).

Given the precedent of this Court's decision in *Shah*, we are bound by *Shah* and reverse the trial court's decision invalidating the assignment on the basis of the antiassignment clause. MCR 7.215(J)(1). Under *Shah*, the antiassignment clause in this case is unenforceable as violative of public policy to the extent it restricts the assignment of the insured's accrued claim for PIP benefits. *Shah*, 324 Mich App at 196-201; see also *Henry Ford Health*, 326 Mich App at 410-411. Accordingly, AAA has a viable claim against State Farm pursuant to Beden's valid assignment of her right to past and presently due PIP benefits. See *Covenant*, 500 Mich at 217 n 40 (stating that its holding was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider").

We decline State Farm's request to declare a conflict with *Shah* and to convene a special panel under MCR 7.215(J). *Shah* was based on the Michigan Supreme Court's decision in *Roger Williams*, 43 Mich at 254, where our Court held that contractual provisions prohibiting post-loss assignments of an accrued claim are unenforceable as contrary to our state's public policy that "an accrued cause of action may be freely assigned after the loss." *Shah*, 324 Mich App at 198-200. This Court found that, because our Supreme Court has never explicitly rejected *Roger Williams*, nor has *Roger Williams* been clearly overruled or superseded, it is controlling. *Shah*, 324 Mich App at 199-201. While State Farm challenges the continued validity of *Roger Williams* and its applicability to post-loss assignments of no-fault PIP benefits, "[i]t is the Supreme Court's obligation to overrule or modify its case law, and until and unless the Supreme Court takes such action, this Court and all lower courts are bound by the Supreme Court's authority." *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 51-52; 575 NW2d 79 (1997)."[6]

Finally, we decline to address AAA's alternative arguments concerning whether State Farm has standing to challenge the assignment and whether the antiassignment provision is unenforceable under Michigan's Uniform Commercial Code, MCL 440.9408. Given our decision that the antiassignment clause is unenforceable to prohibit the assignment in this case under *Shah*, there is no further relief that can be granted to AAA, which renders these arguments moot. *Shah*, 324 Mich App at 201. "[W]e decline to address these arguments because we generally do not decide moot issues." *Id.*

---

[6] As this Court recognized in *Shah*,

> Finally, defendant takes issue with the continued validity of our Supreme Court's holding in *Roger Williams* and its application in the instant case. However, as our Supreme Court has instructed, we are bound to follow its decisions "except where those decisions have *clearly* been overruled or superseded." *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016). There is no indication that *Roger Williams* or its holding relating to antiassignment clauses has been clearly overruled or superseded. Therefore, if the continued validity of *Roger Williams* is to be called into question, it will have to be by our Supreme Court. [*Shah*, 324 Mich App at 201.]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron