*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WA FOOTE MEMORIAL HOSPITAL, doing
business as ALLEGIANCE HEALTH,

UNPUBLISHED
February 18, 2020

Plaintiff-Appellee,

v

Nos. 338168; 340018
Jackson Circuit Court
LC No. 15-002343-NF

FARMERS INSURANCE EXCHANGE,

Defendant-Appellant,

and

MICHIGAN AUTO INSURANCE PLACEMENT
FACILITY and JOHN DOE INSURANCE
COMPANY,

Defendants.

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

In 2015, plaintiff filed the current action as a healthcare provider seeking payment of personal protection insurance (PIP) benefits under the no-fault insurance act, MCL 500.3101 *et seq.*, for allowable expenses incurred in the treatment of nonparty Jessica Jacobs in 2014. Following a jury trial and a verdict in plaintiff's favor, the circuit court entered a judgment against defendant in the amount of $62,617.34. The trial court also later entered an order for case evaluation sanctions in plaintiff's favor in the amount of $70,923.75. Defendant now appeals as of right.[1] Because plaintiff lacks an independent cause of action against defendant for PIP benefits relating to services provided in 2014, in Docket No. 338168, we vacate the judgment in plaintiff's

---

[1] In Docket No. 338168, defendant appeals the judgment in plaintiff's favor, and in Docket No. 340018, defendant appeals the order awarding sanctions; the appeals have been consolidated by order of this Court. *WA Foote Memorial Hosp v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered October 18, 2017 (Docket Nos. 338168 & 340018).

favor, and we remand for entry of judgment in favor of defendant. In the absence of a verdict in plaintiff's favor, we also vacate the award of case evaluation sanctions in Docket No. 340018.

On August 26, 2014, Jacobs deliberately and voluntarily jumped from the front passenger seat of a moving vehicle while the vehicle was traveling between 45 and 55 miles per hour. After jumping from the vehicle, Jacobs received medical treatment at Allegiance Health Hospital. She incurred medical charges relating to her physical injuries in excess of $60,000 for treatment provided from August 26, 2014, through August 28, 2014, and from September 3, 2014, through September 4, 2014. Aside from treatment of her physical injuries, as a result of concerns that Jacobs had attempted suicide when she jumped and that she might harm herself, Jacobs was involuntarily hospitalized in the mental health unit of the hospital for several days.

In August 2015, plaintiff filed the current lawsuit. Notably, before trial, the parties entered into a stipulation, agreeing that "the only issue for trial is whether the injuries Jessica Jacobs sustained arising out of the August 26, 2014 motor vehicle accident were accidental as defined by MCL 500.3105." Following the parties' proofs, the jury returned a verdict in plaintiff's favor. As a result, the trial court entered a judgment against defendant and later awarded case evaluation sanctions to plaintiff.

On appeal, defendant argues that the judgment in plaintiff's favor as well as the order of case evaluation sanctions should be vacated and the case remanded for entry of judgment in favor of defendant based on the Michigan Supreme Court's recent decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 200; 895 NW2d 490 (2017), wherein the Court held that a healthcare provider, such as plaintiff, "possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits." While acknowledging the Court's holding in *Covenant*, plaintiff argues that *Covenant* is inapplicable to this case because defendant waived any challenge to plaintiff's capacity to file suit by entering into a stipulation regarding the disputed issues for trial. Alternatively, assuming that *Covenant* does apply, plaintiff argues that the judgment should remain intact because plaintiff cured any defect by obtaining an assignment from Jacobs after trial. At a minimum, plaintiff argues that it should be given the opportunity to amend its complaint to plead an assignment theory based on Jacobs's right to benefits. In our judgment, plaintiff's waiver and assignment arguments lack merit, and because *Covenant* applies, defendant is entitled to judgment in its favor.

More specifically, under *Covenant*, as a healthcare provider, plaintiff clearly has no independent statutory cause of action against defendant for the recovery of PIP benefits for services provided in 2014.[2] *Covenant*, 500 Mich at 200. We note that the Supreme Court decided *Covenant*

---

[2] With the recent enactment of 2019 PA 21, effective June 11, 2019, healthcare providers have been afforded a direct, statutory cause of action against insurers for payment of overdue benefits for services provided to an injured person. See MCL 500.3112 ("A health care provider listed in section 3157 may make a claim and assert a direct cause of action against an insurer, or under the assigned claims plan under sections 3171 to 3175 to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person."). However, pursuant to an enacting section of 2019 PA 21, the direct cause of action afforded to healthcare providers

on May 25, 2017, after the trial in this case. However, *Covenant* nevertheless applies to this case because *Covenant* applies retroactively. See *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 934 NW2d 44, 45 (Mich, 2019). In concluding that *Covenant* controls this case, we also note that defendant did not raise its *Covenant* argument in the trial court. Nevertheless, as we have in several post-*Covenant* cases, we exercise our discretion to review the *Covenant* question in this issue because the question is one of law, and "with regard to cases pending when *Covenant* was decided, a defendant should not be faulted for failing to challenge a healthcare provider's statutory right to bring a claim because pre-*Covenant* caselaw would have rendered any such argument futile." *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 306; 917 NW2d 682 (2018).

Turning to plaintiff's waiver argument, contrary to plaintiff's arguments on appeal, defendant did not waive its ability to challenge plaintiff's right to maintain a direct cause of action by entering into a stipulation regarding the factual issue to be decided at trial. "A stipulation is an agreement, admission, or concession made by the parties in a legal action with regard to a matter related to the case." *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 322 Mich App 707, 716; 916 NW2d 218 (2018) (quotation marks and citation omitted). "This Court will construe a stipulation using the same principles applicable to a contract," meaning that unambiguous language must be enforced as written. *Id.* By entering into a stipulation, a party may agree to waive a right. See *id.* "A waiver is an intentional relinquishment or abandonment of a known right." *Nexteer Auto Corp v Mando Am Corp*, 314 Mich App 391, 395; 886 NW2d 906 (2016). "The party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it." *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (quotation marks and citation omitted). "[T]]o waive a right, the language of a stipulation must show an intent to plainly relinquish that right." *Nexteer Auto Corp*, 314 Mich App at 395-396.

In this case, before trial, the parties entered into a stipulation, agreeing to a number of facts and identifying the disputed factual issue to be resolved at trial. Specifically, the stipulation states:

1. [Jacobs] sustained bodily injury arising out of a motor vehicle accident that occurred on August 26, 2014.

2. If Jacobs qualifies for no fault benefits under MCL 500.3105 for bodily injury she sustained as a result of the August 26, 2014 motor vehicle accident, then [defendant] is an insurance carrier in the order of priority responsible to pay those benefits.

3. [Plaintiff] incurred reasonable and customary charges in the amount of **$61,688.97** for treatment provided to Jacobs . . . .

---

in MCL 500.3112 "as amended by this amendatory act, applies to products, services, or accommodations provided *after* the effective date of this amendatory act," which is June 11, 2019. 2019 PA 21, enacting § 1 (emphasis added). Accordingly, these recent amendments do not apply in this case to provide plaintiff a direct cause of action for pursuing benefits for services provided by plaintiff in 2014. The current case is controlled by *Covenant*.

* * *

4. That [defendant] received medical bills, itemized statements of charges, and medical records from [plaintiff] documenting [plaintiff's] charges on or before March 8, 2016.

5. That if Jacobs qualifies for no fault benefits under MCL 500.3105 for bodily injury she sustained as a result of the August 26, 2014 motor vehicle accident, [defendant] is liable to pay [plaintiff] **$57,370.74** representing medical charges consistent with the agreed "Cofinity Participation Balance."

6. That if Jacobs qualifies for no fault benefits under MCL 500.3105 for bodily injury she sustained as a result of the August 26, 2014 motor vehicle accident, [defendant] is also liable to pay [plaintiff] **$6,186.61** representing 12% per annum interest under MCL 500.3142 for the period April 8, 2016 through March 1, 2017.

7. That the only issue for trial is whether the injuries [Jacobs] sustained arising out of the August 26, 2014 motor vehicle accident were accidental as defined by MCL 500.3105.

Fairly read, under the stipulations, the parties agreed that defendant's liability was contingent on Jacobs's qualification for benefits—with the only contested factual issue regarding Jacobs's eligibility being whether her injuries were accidental. Notably missing from the stipulation is an agreement that *plaintiff* was the proper party to litigate this issue; that plaintiff had standing to pursue benefits; or "that defendant intended to clearly and unequivocally waive its legal position with respect to plaintiff's standing." See *VHS Huron Valley Sinai Hosp*, 322 Mich App at 717-719. In the absence of such a stipulation, we will not infer that defendant intended to abandon all legal arguments regarding standing based on its agreement that the only factual issue to be litigated at trial was whether Jacobs's injuries were accidental. Cf. *id.*

The fact that the stipulation does not mention plaintiff's right to a direct cause of action or state that plaintiff is the proper party to establish Jacobs's qualification for benefits is particularly notable given the procedural posture of the case and the existing state of the law when the stipulation was signed. Cf. *id.* at 719-720 (concluding that procedural posture and existing state of the law pre-*Covenant* supported determination that the insurer did not waive standing issue). That is, given the long line of cases from this Court pre-*Covenant*, which held that a healthcare provider had a direct cause of action against an insurer, there could be no reasonable dispute that plaintiff could file a direct cause of action and defendant did not have a reasonable basis for challenging plaintiff's standing before trial. See *id.*; *Bronson Healthcare Group, Inc*, 323 Mich App at 306. In these circumstances, to read the stipulation's silence on plaintiff's standing to indicate that defendant was intentionally relinquishing or abandoning a "known right" would be nonsensical. See *Nexteer Auto Corp*, 314 Mich App at 395. Indeed, post-*Covenant*, on analogous facts, we have previously rejected the assertion that a defendant-insurer waived a *Covenant* argument by entering into a stipulation that was silent on the question of the plaintiff-healthcare

provider's standing. See *VHS Huron Valley Sinai Hosp*, 322 Mich App 717-721.[3] Likewise, in this case, we cannot conclude that defendant clearly and unequivocally waived a legal standing issue—that could not have been raised given the existing state of the law—merely because defendant stipulated to the disputed factual issue for trial. See *id.* Plaintiff's waiver argument is without merit, and *Covenant* controls this case.

Finally, contrary to plaintiff's arguments, the postjudgment assignment plaintiff obtained from Jacobs did not cure the *Covenant* defects in this case, and a remand to allow plaintiff an opportunity to add an assignment theory would be futile in light of the one-year-back rule and this Court's decision in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018). In particular, although *Covenant* held that a healthcare provider did not have a direct cause of action, the Court also specifically stated that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 217 n 40. "It is well established that an assignee stands in the shoes of an assignor, acquiring the same rights and being subject to the same defenses as the assignor." *Coventry Parkhomes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252, 256-257; 827 NW2d 379 (2012). In the no-fault context, this means that a healthcare provider who obtains an assignment from an insured individual "possesses whatever right [the insured] would

---

[3] In contrast to *VHS Huron Valley Sinai Hosp*, plaintiff asserts that the Michigan Supreme Court has rejected insurers' attempts to avoid a stipulation based on *Covenant*. Plaintiff's argument is based on *Monaco v Home-Owners Ins Co*, 501 Mich 866 (2017), a Supreme Court order containing no facts, no mention of *Covenant*, and no reasons for the denial of the motion for reconsideration. Given the lack of information in this order, it is not binding and it is not dispositive of the issue before this Court. See *Dykes v William Beaumont Hosp*, 246 Mich App 471, 483; 633 NW2d 440 (2001). Alternatively, plaintiff relies on *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 529; 695 NW2d 508 (2004), wherein this Court concluded that the defendant "affirmatively acquiesced to [the] plaintiffs' right to sue by entering into a stipulation" agreeing to, among other things, "the issues to be decided at trial." In these circumstances, we concluded that the defendant could not challenge the plaintiffs' standing on appeal because "[i]t would be unfair to [the] plaintiffs and a waste of judicial resources to hold, following trial proceedings to which the [defendant] consented, that there was no standing to bring this action." *Id.* Although at first glance there are similarities between *Glen* and the current case, the present case is distinguishable because defendant had no reasonable basis for contesting plaintiff's standing before trial given the long line of cases from this Court holding that a healthcare provider had a direct cause of action against an insurer. See *VHS Huron Valley Sinai Hosp*, 322 Mich App 719-720. In contrast, in *Glen*, 264 Mich App at 529, when concluding that the defendant could not pursue its standing argument on appeal, this Court specifically noted that, based on existing caselaw, the defendant had a "reasonable basis" to assert its standing challenge in the trial court and yet it failed to raise the issue. Given this key distinction between the current case and *Glen*, *Glen* may be read in harmony with the conclusion that defendant did not waive a right in this case by failing to make an argument that had no reasonable basis in existing law. Neither *Monaco* nor *Glen* support plaintiff's position.

have to collect past due or presently due benefits from [the insurer]." *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998).

In this case, plaintiff obtained an assignment from Jacobs after trial, following the Supreme Court's decision in *Covenant*.[4]  Specifically, on June 8, 2017, Jacobs signed a document, assigning to plaintiff her right to no-fault benefits, her right to seek payment of those benefits, and her right to bring a lawsuit for payment of those benefits.  The assignment also stated that if plaintiff had filed a lawsuit to recover payment of Jacobs's bills, the assignment "is retroactive to the date [plaintiff] filed the pending litigation or made the claim."

Plaintiff now claims that the assignment cures any *Covenant* defect or that, at a minimum, plaintiff should be given the opportunity to amend its complaint to add an assignment theory. However, as argued by defendant, the flaw in plaintiff's argument is that Jacobs could only assign to plaintiff the rights she possessed as of the date of the assignment—namely June 8, 2017.  See *Shah*, 324 Mich App at 205.  In light of the one-year-back rule, MCL 500.3145(2),[5] Jacobs's rights on June 8, 2017, did not include the ability to pursue the medical expenses sought by plaintiff for treatment provided in August and September of 2014.  See *Shah*, 324 Mich App at 202-205. Because Jacobs did not possess rights to recover benefits beyond those allowed by MCL 500.3145, she could not assign such rights to plaintiff, and thus plaintiff could not obtain the right to recover benefits for losses incurred more than a year before June 8, 2017.  See *Shah*, 324 Mich App at 202-205.  Moreover, contrary to plaintiff's attempt to retroactively cure the *Covenant* defect, the addition of an assignment theory does not relate back to the commencement of the action.  *Id*. Accordingly, Jacobs's assignment—which was ineffective to convey the rights to plaintiff's claims—did not retroactively cure the *Covenant* defect in this case, and the fact remains that plaintiff's complaint failed to state a claim on which relief can be granted.  See *Bronson Healthcare Group, Inc*, 323 Mich App at 305.  Further, on the facts of this case, plaintiff need not be given an opportunity to amend its pleadings to add an assignment theory for recovery of PIP benefits because any such claim would be futile given that Jacobs's assignment in June 2017 did not, and could not, convey the right to obtain benefits for the medical expenses incurred in August and September 2014.[6]  See *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 697; 588

---

[4] Contrary to defendant's assertions on appeal, a copy of the assignment is contained in the lower court file, and we consider it part of our review.  See MCR 7.109(A); MCR 7.210(A)(1).

[5] Under MCL 500.3145(2), in an action for PIP benefits, "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

[6] On appeal, plaintiff also offers the cursory assertion that it should be given the opportunity to amend its complaint to add a contract claim against defendant based on a "cofinity" agreement between plaintiff and defendant.  However, plaintiff does not explain its contract theory in any detail, and there is nothing in the record to support the bald assertion that defendant could somehow be liable for Jacobs's medical expenses based on the cofinity agreement with plaintiff.  Given plaintiff's insufficient briefing, we consider the issue abandoned.  See *Dunn v Bennett*, 303 Mich App 767, 775; 846 NW2d 75 (2013).

NW2d 715 (1998) ("An amendment is futile if it merely . . . adds allegations that still fail to state a claim.").

In sum, *Covenant* controls this case. Plaintiff's waiver arguments are without merit, and Jacobs's postjudgment assignment does not alter the applicability of *Covenant*. We therefore vacate the judgment in plaintiff's favor and remand for entry of judgment in favor of defendant in light of *Covenant*.[7] Having vacated the judgment, we also conclude that plaintiff is not entitled to case evaluation sanctions. See MCR 2.403(O). Consequently, we also vacate the order for case evaluation sanctions.

Vacated and remanded for entry of judgment in favor of defendant. Defendant may tax costs. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens

---

[7] Given our conclusion that *Covenant* resolves this case, we need not reach defendant's additional arguments on appeal, including the applicability of MCR 2.314 to a plaintiff proceeding on an assignment theory, the burden of proof under MCL 500.3105(4), and the trial court's exclusion of other-acts evidence under MRE 404(b) relating to Jacobs's intent.